IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK BANKS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNKNOWN NAMED NUMBER OF ) <br> U.S. POSTAL INSPECTORS, *et al.,* ) <br> ) <br> Defendants. ) <br> ) <br> ) | Civil Action No. 2:13-cv-1198 <br><br> Judge Nora Barry Fischer <br> Chief Magistrate Judge Lisa Pupo Lenihan |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) be denied.

## II. REPORT

Plaintiff commenced this civil action on August 7, 2013 in the United States District Court for the Middle District of Pennsylvania at Case No. 1:13-cv-02105-CCC-EC. The Middle District transferred the case to this District without ruling on Plaintiff's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2), leaving the disposition of that motion to the discretion of the transferee court. *See* Order dated 8/20/13 at ECF No. 5. Thus, the Court now addresses that Motion.

### A. Factual Background

Plaintiff Frederick Banks, who identifies himself as an American Indian, instituted this civil rights action alleging violations of various constitutional rights against 37

1

defendants for their alleged use of "voice to skull" ("V2S") and "Remote Neural Monitoring" ("RNM") technology to harass him and prevent him from reporting that the "Defendants" stole his Ferrari 355 while he was incarcerated. In addition to suing "Unknown Named Number of U.S. Postal Inspectors," Banks has also named as Defendants in this action: The United States Postal Inspection Service, David Anderchak, Timothy Pivnichny, Unknown Named Number of FBI Agents, the Federal Bureau of Investigation, Unknown Named Number of BOP Agents operating from FCC Forrect City and other locations, the Federal Bureau of Prisons, the United States of America, Charles Samuels, Eric Holder, Barack Obama, Ken Salizar, the Department of the Interior, the Bureau of Indian Affairs, Unknown Named Number of NSA Agents, the National Security Agency, the Obama Administration, SIS Davenport, Tracie Fenner, Ricky foreman, Malissa Jackson, Paula Husky, Michelle Wingo, Anthony Haynes, Captain Wise, Dr. Phylis Lynn Boules, Dr. Cuccio, Dr. Daniel T. Nellor, Johns, Roberts, Hoberman, Haskin, Terry Norvel, John Jones, Thomas (a BOP agent assigned to the FCC Forrest City low Shu), and U.S. Congressman Mike Doyle.

For relief, Banks seeks a writ of mandamus ordering Congressman Mike Doyle to further investigate the other defendants' use of V2S and RNM technology to harass him, as well as an order enjoining Defendants from employing V2S technology, harassing electronic communications and non-lethal weapons against him. (Compl. ¶17.) In addition, Banks seeks monetary relief in the amount of $100,000,000.00, plus $27,000.00 in actual damages, and replacement of the stolen vehicle. (*Id.*)

## B. Legal Standard

Plaintiff is proceeding pro se and as such, he is entitled to liberal construction of his submissions in federal court. This means that the Court must liberally construe the factual allegations of the complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer,* 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). See also *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins*, 293 F.3d at 688). However, pro se litigants are not free to ignore the Federal Rules of Civil Procedure. *Pruden v. Long*, Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D.Pa. Oct. 24, 2006).

Pursuant to 28 U.S.C. §1915(a), Plaintiff has requested leave to proceed *in forma pauperis.* Thus, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §1915(e). Section 1915(e)(2), as amended, requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). "[A] complaint…is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall*, C.C.F., No. 11-3467, 2011 WL 5970977, at *2 (3d Cir. Nov. 30, 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact." (citing *Neitzke, supra*). Thus, under §1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D.Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D.Wis. Jan. 22, 2007) (citing *Neitzke*, 490 U.S. at 327)).

    **C.**    **Discussion**

        **1.**    **Seizure of the Ferrari**

In paragraphs 3 through 6 of the Complaint, Banks sets forth allegations in support of his claim that the US Postal Inspectors, FBI and Postal Inspector David Anderchak took possession of his Ferrari and failed to return it to him. This claim was previously addressed, however, by Judge Conti in his criminal case at Docket No. 2:04-cr-00176. In particular, Banks filed a Motion for Return of Property (ECF No. 552) on May 2, 2008, which identified the Ferrari[1] as one of the items of property to be returned. The United States filed a response (ECF No. 555) in which it stated that it never took possession of the Ferrari, and Banks filed a reply (ECF No. 556) but failed to address the government's argument. On July 28, 2008, Judge Conti entered an Order (ECF No. 559) denying Banks' Motion for Return of Property, finding that Banks' reply was non-responsive as it did not address the forfeiture of the kit-car or the art collection which

---

[1] The Ferrari referred to by Banks was actually identified by the government as a "1998 Pontiac Fiero-Ferrari Kit Car."

4

were the subject of his motion for return of property. Order at 2-3. In that Order, Judge Conti noted that the government stated that "while the FBI had considered seizing the kit-car and had opened a file associated with that process, the FBI had never taken it into possession. Consequently, there is nothing to return to defendant nor to credit against his forfeiture obligations." Order at 1-2, ECF No. 559.

As the forfeiture of his Ferrari has already been adjudicated by Judge Conti, Banks cannot re-litigate that issue here. Accordingly, the Court finds this claim is frivolous.

## 2. Defendants' Alleged Use of V2S and RNM Technology

As to his claims that the Defendants are harassing him through the use of V2S and RNM technology, Banks raised almost identical claims against some of the same defendants in another case filed in this District docketed at No. 2:13-cv-1025, which Judge Fischer found to be frivolous and dismissed the complaint pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii). *See* ECF No. 10 in Case No. 2:13-cv-1025. In fact, many of the paragraphs contained in the Complaint in the present civil action are identical to those presented by Banks in his Objections to the Report and Recommendation in Case No. 2:13-cv-1025. *Compare* ECF No. 9 in Case No. 2:13-cv-1025, *with* the Complaint ¶¶12-15, ECF No. 1 at 6-13 in the instant matter (No. 2:13-cv-1198). Moreover, as in Case No. 2-13-cv-1025, here Banks has failed, for the most part, to identify the 37 named Defendants, and states, in conclusory fashion, only that certain Defendants either personally authorized the V2S harassment (Barack Obama and Eric Holder, Compl. ¶6) or were well aware that the V2S technology was being operated against him but did nothing to intervene or stop it (SIS Davenport, Tracie Fenner, Ricky Foreman,

5

Malissa Jackson, Paula Husky, Michelle Wingo, Anthony Haynes, Captain Wise, Dr. Phylis Lynn Boules, Dr. Cuccio, Dr. Daniel T. Nellor, Johns, Roberts, Hoberman, Haskin, Terry Norvel, Mike Doyle, John Jones, Thomas (a BOP agent assigned to FCC Forrest City low Shu), and "VLAD," "BAT," "CHEEKS," and "TRUCK" four unknown named agents that operated from FCC Special Housing Unit's control room, Compl. ¶8).

In the Magistrate Judge's Report and Recommendation (ECF No. 8) in Case No. 2:13-cv-1025, which was adopted by Judge Fischer (*see* ECFNo. 10), this Court recommended that Banks' claims that defendants used mind control in order to harass and steal from him be dismissed with prejudice as frivolous pursuant to Section 1915(e)(2)(B)(i), citing numerous case law authority in support.[2] In the instant matter, Banks is asserting almost identical claims as those asserted in Case No. 2:13-cv-1025 against some of the same defendants, as well as against newly named defendants,

---

[2] The Court cited the following authority in Case No. 2:13-cv-1025: *Pavalone v. Bush*, No. 3:11-1620, 2012 U.S. Dist. LEXIS 61974 (M.D. Pa. March 27, 2012) ("Within the Third Circuit, courts have found that allegations which are considered fanciful, fantastic, and delusional are to be dismissed as frivolous.") (numerous citations omitted); *Frazier v. Southwoods State Prison*, No. 06-0096, 2006 U.S. Dist. LEXIS 20832 (D. N.J. April 17, 2006) ("In accordance with the Supreme Court's guidance articulated in *Neitzke* and *Denton*, courts across the nation dismissed claims based on sets of facts that were qualified as 'fanciful, fantastic and delusional.'") (numerous citations omitted); *Simmons v. Beard*, No. 3:13-0254, 2013 U.S. Dist. LEXIS 69814 (M.D. Pa. May 16, 2013) (allegations that microchips and microchip batteries have been implanted into plaintiff for purposes of mind control and torture were subject to dismissal as frivolous); *Noble v. Becker*, No. 03-906-KAJ, 2004 U.S. Dist. LEXIS 480 (D. Del. Jan. 15, 2004) (claims that government officials and others had engaged in a vast conspiracy to violate his constitutional rights were delusional); *Williams v. Werseter*, No. 94-3839, 1994 U.S. Dist. LEXIS 8901 (E.D. Pa. June 30, 1994) (plaintiff's claim that he had uncovered evidence of a conspiracy by the former mayor to commit sabotage and espionage in order to establish ecclesiastical law and in some way interfere with U.S. commerce were fanciful, fantastic, or delusional); *Robinson v. Love*, 155 F.R.D. 535 (E.D. Pa. 1994) (where plaintiff alleged that he was subjected to witchcraft and attempts to poison him with cyanide, the allegations were fanciful, fantastic or delusional).

which this Court finds to be frivolous for the same reasons as those stated in the Report and Recommendation (ECF No. 8) in Case No. 2:13-cv-1025.

In light of the fact that Banks is seeking IFP status to file redundant, frivolous claims in the instant matter, the Court recommends that his motion for leave to proceed IFP be denied.

### 3. Restriction of IFP Status in Future Civil Actions

Precedent exists for denying IFP status to pro se litigants who have abused this privilege by continuously filing frivolous lawsuits. As explained below, given Mr. Banks' history of frivolous filings, he is clearly a candidate for denying IFP status in this case, as well as in future cases, where he attempts to file redundant and/or frivolous lawsuits.

Banks is a former federal prisoner and pro se litigant with a history of filing frivolous complaints in federal district courts throughout the United States. An electronic court records search in PACER of the name "Frederick Banks" revealed that between November of 2004 and July of 2013, Banks has filed approximately 304 civil actions alleging a litany of constitutional violations and seeking a writ of mandamus and/or monetary relief ranging from $100,000 to hundreds of millions of dollars. Over the past nine years, Banks filed approximately 108 civil actions in the district courts within the Third Circuit, plus 79 appeals to the court of appeals. Of the 108 cases filed by Banks in the district courts within the Third Circuit, 62 involved complaints for alleged violations of various civil and/or constitutional rights, petitions for a writ of mandamus, and Qui Tam/False Claims Act claims. Of these 62 cases, more than half were dismissed or closed prior to service of the complaint: Fourteen (14) of Plaintiff's complaints were dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous, malicious, or for failing to state

a claim; in fifteen (15) cases, Banks' attempts to proceed *in forma pauperis* were barred by the "three strike" provision of 28 U.S.C. 1915(g), because Banks filed three or more of lawsuits while he was incarcerated which were dismissed as frivolous, malicious, or for failure to state a claim;[3] five (5) cases were administratively closed for failing to file the required IFP documents; and two (2) cases were dismissed under 28 U.S.C. §1915A(b)(1). Another seventeen (17) cases were transferred to other district courts outside the Third Circuit.[4]

A majority of Banks' filings consist of a mixture of civil rights complaints under 28 U.S.C. § 1983 and petitions for writs of mandamus. Many of his filings combine both actions and name anywhere from one to over 100 defendants in a single lawsuit. While defendants typically include prison guard staff and/or employees from the Bureau of Prisons, several of Banks's lawsuits name high-profile public figures, including Secretary of State Hilary Clinton, Attorney General Eric Holder, and President Barack Obama. Three recent examples of Banks' vexatious filings are complaints filed in the Middle and Western Districts which allege that prison staff harassed him by using "ECM brain wave technology" to monitor his thoughts. *See Banks v. Anesburg et al.*, 1:13-cv-01621-CCC-EC (M.D. Pa. June 17, 2013) (ECF No. 1); *Banks v. Realty Counseling Co. et al.,* 2:13-cv-01025 (W.D.Pa. July 17, 2013)(ECF No. 1); *Banks v. United Safety Service et al.,* 2:13-cv-01198 (W.D.Pa. June 17, 2013) (ECF No. 1). Additionally, many of his complaints contain references to the Treaty of Fort Laramie and allege violations

---

[3] *See also Banks v. Pennsylvania,* Civ. A. No. 09-1437, 2010 WL 569545, at *1 n. 1 (W.D.Pa. Jan. 4, 2010) (noting Banks' pastime of filing lawsuits many of which were barred by the 3-strike rule).
[4] All but one of the seventeen cases were transferred to the Eastern District of

of various constitutional rights, including violations of the Establishment Clause, the Free Exercise Clause, the Right to Privacy, Freedom of Religion, Freedom of Speech, Equal Protection, and Due Process.

Banks' abuse of the IFP privilege is not limited to the district courts in this Circuit. As Chief Judge Conti noted in *Banks v. Buchanan*, Civil Action No. 08-1209 (W.D. Pa. Nov. 21, 2008), "[o]ther federal courts have repeatedly noted that Banks has filed far more than three civil lawsuits which have been dismissed as frivolous, malicious, or without legal foundation" pursuant to 28 U.S.C. §1915(g). *See* Order dated 11/21/08 at 2 in *Banks v. Buchanan*, Civil Action No. 08-1209 (W.D. Pa. Nov. 21, 2008) (ECF No. 6) (citing *Banks v. United States Marshal*, Nos. 07-6191 and 07-6230, 2008 U.S. App. LEXIS 8144, at *7 (10th Cir. Apr. 16, 2008) (assigning four strikes for filing two companion frivolous suits and taking two frivolous appeals); *Banks v. United States Att'y*, CA No. 08-58, 2008 U.S. Dist. LEXIS 38444, at *1 n.1 (E.D. Mo. May 12, 2008) (citing decisions); *Banks v. Lawson*, No. 08-277, 2008 U.S. Dist. LEXIS 40928, at **1-2 (D.D.C. Apr. 30, 2008)).

Since his release from prison in May of 2013, Banks has filed ten (10) new civil actions in which he has requested leave to proceed IFP, all of which ended up in the Western District—four (Civ. A. Nos. 13-781, 13-829, 13-939, and 13-1025) were filed in this district originally, and six (Civ. A. Nos. 13-922, 13-1151, 13-1152, 13-1198, 13-1199, and 13-1350) were filed originally in the Middle District and were transferred to this District. Two of these cases have been dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) (Civ. A. Nos. 13-939 & 13-1025); in another case, several

---

Arkansas.

defendants were dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) (Civ. A. No. 13-781; another case has been dismissed *sua sponte* for lack of subject matter jurisdiction (Civ. A. No. 13-1199); one case was transferred to the Eastern District of Arkansas (Civ. A. No. 13-829); and one was closed for failure to pay the filing fee or to attach a motion for leave to proceed *in forma pauperis* (Civ. A. No. 13-922). The remaining four cases (Civ. A. Nos. 13-1151, 13-1152[5], 13-1350,[6] and the instant matter) were just recently filed and have motions for leave to proceed *in forma pauperis* pending.

The All Writs Act ("Act") states that "[t]he Supreme Court…may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a). It is well established that the Act "authorizes district courts to, among other things, restrict the access to federal courts of parties who repeatedly file frivolous litigation." *Mallon v. Padova*, 806 F.Supp. 1189, 1192-93 (E.D. Pa. 1992) (citing *Abdul-Akbar v. Watson*, 901 F.2d 329, 332 (3d Cir. 1990)). In particular, "[t]he Third Circuit has approved the issuance of 'an injunction to require litigants to obtain the approval of the court before filing further complaints.'" *Id.*

---

[5]It appears that some of the claims raised and defendants named in Civil Action No. 13-1152 are duplicative of those asserted in Civil Action No. 13-1151; the remaining defendants in Civil Action No. 1152 are all located in the Eastern District of Arkansas, which is also where the alleged misconduct occurred.

[6] In Civil Action No. 13-1350, Plaintiff alleges claims similar to those raised in Civil Action 13-1199 which was dismissed *sua sponte* for lack of subject matter jurisdiction. In addition, it appears that Plaintiff brought a similar lawsuit, labeled as a petition for mandamus, against one of the defendants, Equitable Gas Co., in a case filed in the Middle District of Pennsylvania at docket no. 1:11-cv-00511, which the district court dismissed with prejudice under Rule 12(b)(6) prior to service of the complaint. *See Banks v. Equitable Gas Co., et al.,* Docket No. 1:11-cv-00511 (M.D.Pa.), ECF Nos. 5 & 7.

10

at 1193 (citing *Abdul-Akbar*, 901 F.2d at 332). However, because such an injunction limits a party's access to the courts, it "is an extreme remedy which must 'be narrowly tailored and sparingly used.'" *Abdul-Akbar*, 901 F.2d at 332.

Under the Act, district courts may issue injunctions restricting the filing of meritless pleadings by litigants where the pleadings raise issues identical or similar to those that have already been adjudicated. *In re Packer Ave. Assocs.*, 884 F.2d 745, 747 (3d. Cir. 1989); *In re Oliver*, 682 F.2d 443, 445 (3d. Cir. 1982). Injunctions restricting the ability of individuals proceeding *in forma pauperis* to file civil actions with the court are usually issued "only to preclude relitigation of claims relating to issues that had previously been decided." *Mallon*, 806 F.Supp. at 1193; *see also Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980). However, the court of appeals "has not *required* that injunctions designed to restrict court access be limited in such a fashion[, but] has stated that a broader injunction may be issued in appropriate circumstances." *Mallon*, 806 F.Supp. at 1193 (citing *Chipps v. U. S. Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989)) (emphasis in original). *See also Oliver,* 682 F.2d at 445 ("In appropriate circumstances, courts have gone beyond prohibitions against relitigation and enjoined persons from filing any further claims of any sort without the permission of the court.") On several occasions, the Supreme Court has likewise enjoined a petitioner with a history of filing frivolous and repetitive petitions for writs of certiorari from filing future petitions *in forma pauperis* and directed the clerk of court not to accept any future petitions unless accompanied by payment of the docketing fee. *See, e.g., In re Gaydos,* 519 U.S. 59, 60 (1996); *Martin v. District of Columbia Ct. of Appeals,* 506 U.S. 1, 3 (1992). *See also In re Sindram,* 498 U.S. 177,

179-80 (1991) (denying motion for IFP status to pro se petitioner who filed repetitious and frivolous petitions for extraordinary relief and denying IFP status in all future petitions for extraordinary relief); *In re McDonald,* 489 U.S. 180, 184 (1989) (same).

In *Mallon*, the district court enjoined a pro se litigant from filing additional lawsuits without prior court approval after he had filed eleven frivolous lawsuits *in forma pauperis* over a span of eight days. *Id.* at 1190. In issuing its order, the district court opined:

> Mr. Mallon's complaints clearly "transcend a particular dispute" in that their factual allegations bear no apparent relationship to each other. An injunction that was limited to precluding Mr. Mallon from filing future complaints that have some relation to the actions now pending would have no practical preclusive effect, since Mr. Mallon has already demonstrated his penchant for filing complaints stemming from a multitude of unrelated matters. Accordingly, in light of the foregoing authorities, the Court concludes that there is no per se prohibition in this Circuit against enjoining all further filings without court approval.

*Id.* at 1193. Additionally, the court of appeals in *Abdul-Akbar* noted the important distinction between a single, frivolous lawsuit and a continuing abuse of process in determining whether a court-ordered injunction is appropriate:

> [A] frivolous complaint is one thing; a continuing abuse of process is another….When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process.

901 F.2d at 333.

In fashioning an injunction which restricts abusive litigants from filing future lawsuits, the court of appeals has noted the importance of striking a proper balance "between the right of the litigant to access to the courts, the right of the parties to

previous litigation to enjoy the repose of *res judicata*, and the right of taxpayers not to have a frivolous litigant become an unwanted drain on their resources." *Packer,* 884 F.2d at 748. Thus, the court of appeals has suggested that the district courts include language in the injunction order (1) requiring the litigant to certify that the claims he wishes to present are new claims and were never raised previously and disposed of on the merits by any federal court, and (2) informing the litigant that if he or she fails to provide the above certification or the certification is determined to be false, he or she may be found in contempt of court and sanctioned and/or punished appropriately. *Id.* at 748-49. In *Mallon,* the district court also required the litigant to certify that: (1) "[he] believes the facts alleged in the complaint to be true, and [(2) he] knows of no reason to believe his claims are foreclosed by controlling law." 806 F.Supp. at 1196.

There is no doubt that Banks' habitual practices fall within the parameters of abuse discussed in both *Mallon* and *Abdul-Akbar*, and therefore, merit some restriction on his ability to proceed *in forma pauperis* in this and in future civil actions (other than habeas cases). In the ten lawsuits filed since May of 2013, Banks has alleged claims for violations of his constitutional rights based on defendants' use of RNM and/or V2S technology in five of these cases—Civ. A. Nos. 13-829, 13-1025, 13-1151, 13-1152, and 13-1198. In four of the ten lawsuits, Banks seeks a writ of mandamus and damages under the Sioux Treaty of Fort Laramie, 15 Stat. 635 (1868), the Northwest Ordinance of 1787, and 8 U.S.C. §1401(b) against various defendants—public utilities and their employees (Civ. A. No. 13-1350), an insurance company and federal correctional officers (Civ. A. Nos. 13-1151 & 13-1152), and the U.S. Probation Department and Department of Justice (Civ. A. No. 13-1199). In two of the ten lawsuits,

Banks has sued various defendants for conspiring to steal and confiscate his Ferrari kit car while he was incarcerated (Civ. A. Nos. 13-922 & 13-1198).  In almost every lawsuit filed since he was released from prison in May, Banks names U.S. Congressman Mike Doyle as a defendant and seeks a writ of mandamus to compel him to conduct an investigation into the alleged misconduct of the other defendants.  In addition, some of the abuse has involved filing claims in districts where venue does not lie in an attempt to relitigate claims brought in other districts that were dismissed, and/or labeling a cause of action as a "habeas" case when he clearly is not seeking such relief to avoid paying the filing fee.   Banks' history and continued filing of complaints that are repetitive, frivolous, malicious, and/or fail to state a claim upon which relief may be granted, thus warrant some restraint on his ability to proceed IFP in this District.

Accordingly, the Court recommends that in all future civil actions in which Plaintiff seeks leave to proceed *in forma pauperis,* in addition to the other requirements for requesting *In forma pauperis* status, Plaintiff be required to attach to his motion for leave to proceed *in forma pauperis* a statement certifying:  (1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law.  The Court further recommends that Plaintiff be instructed that failure to attach this certification will result in denial of the motion for leave to proceed *in forma pauperis,* and if it should be determined that a false certification has been made, the Court may hold Plaintiff in contempt of court and may impose appropriate sanctions and/or punishment, after notice and an opportunity to be heard on the matter.

**D.      Conclusion**

For the reasons set forth above, the Court recommends that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) be denied and the Clerk of Court directed to mark this case closed, and that Plaintiff be instructed that if he wishes to continue to pursue this civil action, he must submit the full filing fee along with a motion to reopen the case.

As to all future civil actions filed by Mr. Banks in which he requests leave to proceed IFP (except petitions for writ of habeas corpus), the Court recommends that in addition to the other requirements for requesting *in forma pauperis* status, Plaintiff be required to attach to his motion for leave to proceed *in forma pauperis* a statement certifying:  (1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law.  The Court further recommends that Plaintiff be instructed that failure to attach this certification will result in denial of the motion for leave to proceed *in forma pauperis,* and if it should be determined that a false certification has been made, the Court may hold Plaintiff in contempt of court and may impose appropriate sanctions and/or punishment, after notice and an opportunity to be heard on the matter.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections.

Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

BY THE COURT:

LISA PUPO LENIHAN
Chief U. S. Magistrate Judge

cc: Frederick Banks
P.O. Box 42303
Pittsburgh, PA 15203
*Via First Class Mail*